NEW JERSEY MISCELLANEOUS REPORTS. 205

Court of Chancery—Republic Fireproofing Co. v. Mo-Ray Realty Co.

THE REPUBLIC FIREPROOFING COMPANY, INCORPORATED, complainant,

*v.*

MO-RAY REALTY COMPANY et al., defendants.

[Decided February 17th, 1927.]

**Mechanics' Lien—Motion to Dismiss Bill—Court Reviews Complicated Situation and Holds That There is Enough to Require an Answer—Conspiracy Alleged.**

*Mr. Charles L. Hedden,* for the complainant.

*Messrs. Isserman & Isserman, Mr. Jacob L. Newman* and *Messrs. Saul & Joseph E. Cohn,* for the defendants.

BACKES, V. C.

Motion is made to dismiss the bill. The bill discloses that the complainant furnished material for Mo-Ray Realty Company for the construction of an apartment-house, and on August 20th, 1925, filed a mechanics' lien for $6,082.90 and commenced suit, which was still undecided at the time of the filing of the bill (judgment against the builder has since been entered—judgment special on the lien is held in abeyance). On October 14th, 1925, the Decker Building Material Company filed its mechanics' lien for $6,701.29, and later other claims were filed; the liens in all amount to $23,000. The Decker company suit to enforce its lien went to judgment, general and special, on April 15th, 1926; was assigned to Spruce Realty Company and by the latter executed by sheriff's sale to the Lukens Holding Company, which was then the owner of the fee, for $1,500. At the time the complainant's lien was filed the property was subject to advance-money mortgages, amounting to $192,500. Afterwards, and before the Decker lien was filed, additional advance-money mortgages,

amounting to $130,000, were recorded against the property. The sale to enforce the Decker special judgment was subject to the aggregate amount of mortgage liens of $332,500. A sale of the property under the lien judgment of the complainant would have been subject only to the mortgages of $192,500 or less, it being alleged that the money on some of the mortgages was not, in fact, advanced, some $25,000 and upwards. Mechanics' liens are concurrent, and the sale to enforce a judgment under any one of them conveys the owner's estate at the time of the commencement of the building, subject to mortgages then of record, and to advance-money mortgages recorded thereafter but before the filing of the liens respectively. It is charged, in effect, that the holders of the $130,000 mortgage encumbrances, recorded after the filing of the Decker lien, conspired to defraud the complainant of its priority lien, and procured the entry of the Decker judgment, the issuing of the execution and the sale of the property to the Lukens Holding Company, which they organized for that purpose, and that as part of the conspiracy they organized the Spruce Realty Company to take over the assignment of the Decker judgment for the purpose of the sale. The scheme to defraud the complainant is admitted on this motion, and if the view of the complainant is correct, that the sale under the Decker lien and judgment bars a second sale under its judgment, then the scheme has been accomplished and the complainant has been injured, which equity alone can relieve. It suggests itself, however, that as the complainant's judgment lien operates upon a different estate from that which was sold under the Decker judgment it would be advisable for the complainant to prosecute its lien to special judgment and sell thereunder. It is further charged that complainant was unaware of the sheriff's sale. Only the statutory notice was given, and it is questionable whether the sale is valid against the complainant, which had no actual notice of it and opportunty to protect itself. It may be that there is a trust relation between mechanics' lien claimants, the same as between co-tenants in possession of land, and if so, the conduct of the defendants would be held

to be the taking of an unfair advantage, which equity would redress. However, the bill presents enough to move the court to require the defendants to answer, and to reserve the motion to strike the bill until final hearing, when the prayer to vacate the sale and set aside the deed can receive more serious consideration. The temporary stay against the Spruce Realty Company restraining it from applying for distribution of the proceeds of sale under the Decker judgment will be continued. That company is implicated in the conspiracy and ought not to be permitted to further complicate the situation.